# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

KATHRYN ROTHKAMM

CIVIL ACTION

VERSUS

THE UNITED STATES OF AMERICA, ET AL.

NO.: 3:13-cv-00589-BAJ-RLB

## RULING AND ORDER

Defendants United States of America and Internal Revenue Service (collectively, "the Government") move to dismiss Plaintiff Kathryn Rothkamm's ("Rothkamm") Complaint for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1). (Doc. 3). Rothkamm opposes the Government's motion. (Doc. 4). The Court heard oral argument on the parties' positions and each side has been allowed to submit supplemental briefing. (Doc. 10; Doc. 11; Doc. 12). For reasons explained, the Government's motion will be granted.

## I. BACKGROUND

The parties agree that the facts are undisputed as they relate to the Government's jurisdictional challenge. (Transcript of Oral Argument on the Government's Motion to Dismiss, Jan. 21, 2014 (hereinafter "Oral Argument Transcript")). Rothkamm is the owner of a certificate of deposit maintained in an account at IberiaBank, located at 7325 Highland Road, Baton Rouge, Louisiana. (Doc. 1 at ¶ 2). On March 6, 2012 the Internal Revenue Service ("IRS") issued to IberiaBank a Notice of Levy for Rothkamm's account to satisfy certain tax liabilities of Kathryn's husband, Chester J. Rothkamm, Jr. (Id. at ¶ 3; Doc. 7 at p. 2).

Thereafter, on April 18, 2012, IberiaBank remitted to the IRS the full contents of Rothkamm's account, consisting of $73,360.41. (Doc. 1 at ¶ 4).

Less than two weeks later, on April 30, 2012, Rothkamm attempted to challenge the IRS's levy by filing an application for assistance with the Taxpayer Advocate Service ("TAS").[1] (*Id.* at ¶ 12). On October 11, 2012, having determined that it "was unable to provide any assistance to [Rothkamm]," the TAS "closed" Rothkamm's case. (Doc. 4 at p. 2; *see also* Doc. 1 at ¶ 12).

Still seeking relief, on May 15, 2013 Rothkamm filed with the IRS an administrative claim for wrongful levy pursuant to 26 U.S.C. § 6343(b). (*Id.*). The IRS denied Rothkamm's claim on July 1, 2013. (*Id.*). Finally, on September 6, 2013, Rothkamm sued the IRS for wrongful levy in this Court, pursuant to 26 U.S.C. § 7426. (Doc. 1). On November 8, 2013, the Government filed the motion to dismiss that is the subject of this Order. (Doc. 3).

## II.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, . . . which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). "Under Rule 12(b)(1), a claim is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde*

---

[1] The Office of the Taxpayer Advocate is established by the Internal Revenue Code and is headed by the National Taxpayer Advocate. 26 U.S.C. § 7803(c). Upon application from a taxpayer, the National Taxpayer Advocate may issue a Taxpayer Assistance Order if it determines that the taxpayer is, or is about to, incur "a significant hardship as a result of the manner in which the internal revenue laws are being administered" by the IRS. 26 U.S.C. § 7811(a)(1)(A).

*Prods. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012). "Lack of subject-matter jurisdiction may be found in the complaint alone, the complaint supplemented by the undisputed facts as evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts." *Id.* at 287. "A motion to dismiss for lack of subject-matter jurisdiction should only be granted if it appears certain that the plaintiff cannot prove any set of facts in support of his claims entitling him to relief." *Id.*

"Under settled principles of sovereign immunity, the United States, as sovereign, is immune from suit, save as it consents to be sued and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Dalm*, 494 U.S. 596, 608 (1990) (quotation marks and alterations omitted). "A statute of limitations requiring that a suit against the Government be brought within a certain time period is one of those terms." *Id.* Any waiver of sovereign immunity "must be unequivocally expressed," and "cannot be implied." *United States v. King*, 395 U.S. 1, 4 (1969).

## III.   ANALYSIS

The Internal Revenue Code includes a limited waiver of sovereign immunity for suits alleging wrongful levy claims. 26 U.S.C. § 7426(a)(1). However, such suits are subject to a "period of limitation" which expires "9 months from the date of the levy or agreement giving rise to such action." *See* 26 U.S.C. §§ 7426(i), 6532(c)(1). Only "[i]f a request is made for the return of [levied] property" will the 9-month period for filing suit be extended. *Id.* at § 6532(c)(2); *see also United Sand & Gravel*

*Contractors, Inc. v. United States*, 624 F.2d 733, 735 (5th Cir. 1980) ("I.R.C. § 6532(c) requires that [wrongful levy] suits be filed within nine months from the date of the levy unless a request is made for the return of the property."). "If [such] a request is made, the period for filing is extended to the shorter of twelve months from the filing of the request or six months from notification of denial of the request." *United Sand & Gravel Contractor*, 624 F.2d at 735–36.

The Government asserts that Rothkamm's September 6, 2013 Complaint for Wrongful Levy is untimely because: (1) Rothkamm's 9-month limitations period for filing a wrongful levy suit expired on January 18, 2013; and (2) Rothkamm failed to take any action to toll the 9-month period prior to its expiration. (*See* Doc. 3-1 at p. 2). Thus, the fact that Rothkamm submitted an administrative wrongful levy claim to the IRS on May 15, 2013 is to no avail, because by that point the 9-month limitations period had already expired.

Rothkamm concedes, as she must, that the she did not file suit within 9 months of April 18, 2012, the date the IRS levied her property. (Oral Argument Transcript). However, Rothkamm asserts that her suit is timely because the 9-month statute of limitations for bringing a wrongful levy claim was suspended during the pendency of: (1) her April 18, 2012 application for assistance to the TAS; *and* (2) her May 15, 2013 administrative wrongful level claim to the IRS. (*See* Doc. 4 at pp. 6–7). Rothkamm argues that her actions combined to suspend "the period for filing suit . . . until January 1, 2014." (*Id.* at p. 7). Thus, because Rothkamm filed this lawsuit on September 6, 2013, her claim is not barred. (*Id.*).

To the extent that it is not already clear, the parties concede that the dispositive issue is whether Rothkamm's April 30, 2012 application for assistance to the TAS tolled the 9-month period of limitations for filing her wrongful levy suit. (*See* Oral Argument Hearing Transcript). Rothkamm insists that her application to the TAS stopped the clock on her wrongful levy claim because she "is able to use the suspension of the statute of limitations provided by [26 U.S.C. §] 7811(d)." (Doc. 4 at p. 4). The Government disagrees, arguing: (1) 26 U.S.C. affords relief to "taxpayer[s]" and, as it relates to this case, Rothkamm "is not a taxpayer under any definition because she was not subject to a tax," (Doc. 10 at p. 1); *and* (2), even if Rothkamm *is* a taxpayer within the meaning of section 7811, she is not entitled to tolling pursuant to section 7811(d) because "the suspensions of the statute of limitations periods [described there] are for IRS actions, *not* taxpayer[ actions]," (*id.* at p. 4 (emphasis added)).

The Court is persuaded by the Government's position and determines that Rothkamm's application for assistance to the TAS did *not* toll the 9-month period of limitations for filing her wrongful levy suit. First, the Court observes that the function of the TAS is to "assist *taxpayers* in resolving problems with the Internal Revenue Service." 26 U.S.C. § 7803(c)(2)(A)(i) (emphasis added); *see Hyler v. C.I.R.*, 84 T.C.M. (CCH) 717 (T.C. 2002), *aff'd* 104 F. App'x 13 (9th Cir. 2004). Despite her protests to the contrary, it is far from clear whether Rothkamm—a wrongful levy claimant—is a "taxpayer" within the meaning of the relevant statutes. *See* 26 U.S.C. §§ 7803(c), 7811; *compare United States v. Williams*, 514 U.S. 527, 535–36

(1995) (holding that a party who, though not assessed a tax, paid a tax under protest to remove a federal tax lien from her property was a "taxpayer" entitled to bring administrative tax refund claim), *with EC Term of Years Trust v. United States*, 550 U.S. 429, 435 n.4 (2007) ("It has been commonly understood that *Williams* did not extend § 1346(a)(1) to parties in the [wrongful levy claimant's] position."); *see also Wagner v. United States*, 545 F.3d 298, 303 (5th Cir. 2008). But even if the Court *assumes* for sake of argument that Rothkamm *is* a taxpayer within the meaning of 26 U.S.C. § 7811, she still cannot prevail because a plain reading of section 7811(d) shows that the time periods tolled relate to actions available to the IRS, *not* actions available to the taxpayer. *See* 26 U.S.C. § 7811(c), (d). This conclusion is reinforced by the relevant administrative regulations, which state unequivocally: "A taxpayer's right to administrative or judicial review will *not* be . . . . expanded in *any* way as a result of the taxpayer's seeking assistance from TAS." 26 C.F.R. § 301.7811–1 (emphasis added)[2]; *see Demes v. United States*, 52 Fed. Cl. 365, 373 (Fed. Cl. 2002) ("I.R.C. § 7811(a) . . . . does not go to the tolling of the

---

[2] In full, 26 C.F.R. § 301.7811–1(b) provides:

> A TAO is an order by the NTA to the IRS. The IRS will comply with a TAO unless it is appealed and then modified or rescinded by the NTA, the Commissioner, or the Deputy Commissioner. If a TAO is modified or rescinded by the Commissioner or the Deputy Commissioner, a written explanation of the reasons for the modification or rescission must be provided to the NTA. The NTA may not make a substantive determination of any tax liability. A TAO is also not intended to be a substitute for an established administrative or judicial review procedure, but rather is intended to supplement existing procedures if a taxpayer is about to suffer or is suffering a significant hardship. A request for a TAO shall be made on a Form 911, "Request for Taxpayer Advocate Service Assistance (And Application for Taxpayer Assistance Order)" (or other specified form) or in a written statement that provides sufficient information for the Taxpayer Advocate Service (TAS) to determine the nature of the harm or the need for assistance. A taxpayer's right to administrative or judicial review will not be diminished or expanded in any way as a result of the taxpayer's seeking assistance from TAS.

statute of limitations in court, but rather confers the IRS with discretion to effect tolling upon a taxpayer's request. Plaintiffs therefore cannot sue in a court for a refund under this provision, *nor can the court use it as a basis to toll the statute of limitations in plaintiffs' case.*" (emphasis added)); *cf. Qureshi v. United States*, 200 F. App'x 973, 975 (Fed. Cir. 2006) (unpublished but persuasive) ("[I.R.C. § 7811(a)] merely confers the IRS with discretion to provide a taxpayer with relief under certain circumstances.").

In sum, the Court determines that Rothkamm's April 30, 2012 application for assistance to the TAS did not toll the 9-month period of limitations for filing her wrongful levy suit. Thus, Rothkamm's wrongful levy suit is untimely, and the Court lacks jurisdiction to entertain her wrongful levy claim.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the Government's **MOTION TO DISMISS (Doc. 3)** is **GRANTED.** Specifically, the Court dismisses Rothkamm's Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

Baton Rouge, Louisiana, this _15th_ day of September, 2014.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**